NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JULES KENNEDY,

            Plaintiff,

            v.

CAMDEN COUNTY CORRECTIONAL
FACILITY, *et al.*,

            Defendants.

Civil Action No. 26-2504 (MAS) (RLS)

**OPINION**

---

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Jules Kennedy's ("Plaintiff") civil complaint (ECF No. 1) and application to proceed *in forma pauperis.* (ECF No. 1-1.) Having reviewed the application, the Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, the Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

I.     **BACKGROUND**

Plaintiff is a state pretrial detainee currently detained in the Camden County Correctional Facility. (ECF No. 1 at 2-3.) Plaintiff alleges that he was assaulted by guards and other inmates on several occasions while detained in the jail. (*Id.* at 5.) Plaintiff further alleges that the jail's Medical Department did not provide immediate medical treatment for unspecified injuries

resulting from these incidents. (*Id.* at 4.) Based on these allegations, Plaintiff seeks to raise civil rights claims under 42 U.S.C. § 1983 against only two Defendants: the Camden County Correctional Facility itself, and the facility's medical department. (*Id.* at 1-4.)

## II.   **LEGAL STANDARD**

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

2

on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   DISCUSSION

Plaintiff seeks to raise civil rights claims pursuant to 42 U.S.C. § 1983 against a county jail and its medical department based on alleged incidents of excessive force and delayed medical treatment. A county jail and its departments, however, are not considered separate entities from the municipality that operates those facilities, and neither the Camden County Correctional Facility nor its Medical Department are proper defendants in a prisoner civil rights matter. *See Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. Apr. 8, 2015) (a county jail is not a person subject to suit under § 1983; the county itself is instead responsible for the operation of the facility). Plaintiff's claims against the two named Defendants must therefore be dismissed for failure to state a plausible claim upon which relief may be granted.

Even were the Court to reconstrue Plaintiff as raising his claim against the County itself, the municipal entity that operates the jail and that could be a proper defendant in this civil rights matter, a municipal entity may only be held liable in a federal civil rights proceeding where a policy, practice, or custom the municipality put into place was the moving force behind the alleged constitutional violations. *See Los Angeles County v. Humphries*, 562 U.S. 29, 35-36 (2010); *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d

3

575, 583-84 (3d Cir. 2003). Because Plaintiff has failed to identify any policy, practice, or custom put into place by Camden County that was the "moving force" behind the alleged wrongs he suffered in the jail, Plaintiff has failed to plead a plausible claim for relief against Camden County. Any claim Plaintiff may have intended to raise against Camden County is therefore dismissed without prejudice at this time for failure to state a claim upon which relief may be granted. Plaintiff's complaint shall therefore be dismissed without prejudice at this time.

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**; and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. An Order consistent with this Opinion will be entered.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated:  7/2/26

4